IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

---

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE, ) <br> INVESTOR CHOICE ADVOCATES NETWORK, ) <br> PATRIOT 28 LLC, and ) <br> GEORGE R. JARKESY, JR. ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> U.S. SECURITIES AND EXCHANGE COMMISSION ) <br> ) <br> Defendant. ) <br> ) | Case No.  3:24-cv-00042 <br><br> FREEDOM OF INFORMATION ACT |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs NEW CIVIL LIBERTIES ALLIANCE, INVESTOR CHOICE ADVOCATES

NETWORK, PATRIOT 28 LLC, AND GEORGE R. JARKESY, JR. for their complaint against

Defendant UNITED STATES SECURITIES AND EXCHANGE COMMISSION allege as

follows:

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

for declaratory and injunctive relief, seeking immediate processing and release of agency records

responsive to Plaintiffs' request following the U.S. Securities and Exchange Commissions'

("SEC") failure to comply with the express terms of FOIA by failing to make a "determination"

as defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711

F.3d 180, 816 (D.C. Cir. 2013) ("*CREW")*; and the SEC's unlawful denial of Plaintiffs' requests

for fee waivers. It arises from the same FOIA request as is at issue in Case No. 3:23-cv-00402,

currently pending before this Court.

## PARTIES

2.    Plaintiff New Civil Liberties Alliance ("NCLA") is a non-partisan, non-profit organization incorporated in the District of Columbia dedicated to protecting constitutional freedoms from violations by the Administrative State. NCLA uses state and federal open records law to inform the public on the operations of government.

3.    Plaintiff Investor Choice Advocates Network ("ICAN") is a non-profit public interest litigation organization incorporated in the State of California and dedicated to breaking down barriers to entry to capital markets and pushing back against overreach by the SEC. ICAN uses state and federal open records law to inform the public on the operations of government.

4.    Plaintiff Patriot 28 LLC ("Patriot") is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Texas. Together with George R. Jarkesy, Jr., it is a respondent in the matter of *SEC v Jarkesy*, No. 22-859 (S.Ct. argued Nov. 29, 2023) pending before the Supreme Court of the United States.

5.    George R. Jarkesy, Jr. ("Jarkesy") is an adult citizen, domiciliary and resident of Texas and of the United States. He resides in Tomball, Harris County, Texas. Together with Patriot 28 LLC, he is a respondent in the matter of *SEC v Jarkesy*, No. 22-859 (S.Ct., argued Nov. 29, 2023) pending before the Supreme Court of the United States.

6.    Defendant SEC is an independent federal commission. It is an "agency" as the term is defined in the FOIA and in relevant precedent.  The Defendant professes that the "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation." Its headquarters is located in Washington, D.C., and it maintains a regional office in Texas.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction pursuant to and 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) to review the SEC's failure to comply with the statutory deadline for making a determination in response to Plaintiffs' FOIA Request.

8.    Venue is proper in the Southern District of Texas under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Jarkesy and Patriot both reside and have their principal places of business in this District.

9.   Plaintiffs are not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW*, 711 F.3d at 188.

10.  Plaintiffs have no obligation to further exhaust administrative remedies with respect to their FOIA request because Defendant has not issued a lawful "determination" as that term is defined in FOIA. *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013). *See also, Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020).

## PLAINTIFFS' FOIA REQUEST

11.  On November 8, 2023 Plaintiffs jointly submitted a request to Defendant seeking certain information pertaining to a "control deficiency" that the SEC had learned of, at latest, in the Fall of 2021[1] and which it publicly acknowledged on April 5, 2022.[2] The underlying "control

---

[1] *See* Sec. & Exchange Comm'n, U.S. Securities and Exchange Commission Fiscal Year 2021 Agency Financial Report pp. 43-44 (Nov. 12, 2021), https://www.sec.gov/files/sec-2021-agency-financial-report.pdf.

[2] *See* U.S. Securities and Exchange Commission, Statement Relating to Certain Administrative

deficiency" involved the SEC's discovery that enforcement personnel could have accessed, and according to the SEC did access, documents stored in the administrative adjudication system and documents of the SEC's Administrative Law Judges ("ALJs"). [3,4]  A true and correct copy of the Plaintiffs' FOIA request at issue in this suit is attached hereto and incorporated by reference herein as **Exhibit A**.

12.  Plaintiffs November 8, 2023 request also contained a request for a waiver or substantial reduction of fees pursuant to FOIA on the basis of, inter alia, the public's interest in the information requested and because of the Plaintiffs' absence of commercial interest in the records.  The SEC's purported denial of the fee waiver is now a moot issue as a matter of law for reasons described herein below, including the SEC's failure to make a timely "determination" and failure to comply with other FOIA deadlines. Alternatively, Plaintiffs are entitled to a fee waiver.

13.  On November 14, 2023, Defendant acknowledged Plaintiffs' request. The SEC assigned it tracking number 24-00460-FOIA, and cited "unusual circumstances" impacting their ability to process the request and invoked a 10-day extension.

14.  On information and belief, SEC routinely cites "unusual circumstances" in processing FOIA requests. Indeed, Plaintiffs are given to understand that "unusual circumstances" are cited

---

Adjudications   (April   5,   2022),   https://www.sec.gov/news/statement/commission-statement-relating-certain-administrative-adjudications.

[3] *See* Press Release, U.S. Securities and Exchange Commission, Second SEC Statement Relating to Certain Administrative Adjudications (June 2, 2023), https://www.sec.gov/news/statement/second-commission-statement-relating-certain-administrative-adjudications.

[4] https://www.wsj.com/articles/sec-drops-40-enforcement-cases-it-says-were-tainted-by-improper-access-to-restricted-records-4807aa44

by SEC in the vast majority of its FOIA responses, such that it is more "usual" than "unusual" for SEC to claim unusual circumstances exist.

15.   At the same time that SEC acknowledged the request, Defendant also denied Plaintiffs' request for both expedited processing and a fee waiver. A true and correct copy of the SEC's November 14, 2023 correspondence is attached hereto and incorporated by reference herein as **Exhibit B**.

16.   On December 6, 2023, Defendant wrote again to Plaintiffs stating that SEC had started to try and identify records responsive to Plaintiffs' request and that based on a cursory review of just two of Plaintiffs' nine requests it had determined that responsive records were "voluminous" and that therefore Defendants could allegedly only process them in their Complex Track. Defendants added that under this "Complex Track" it could take up to three years for them to even begin processing Plaintiffs request. In the same letter SEC offered to place Plaintiffs requests in their "Complex Track" and stated that they would close Plaintiffs' FOIA request if they did not receive a response by December 20, 2023. A true and correct copy of the SEC's December 6, 2023 correspondence is attached hereto and incorporated by reference herein as **Exhibit C**.

17.   On or about December 18, 2023 Plaintiffs, through undersigned Counsel, objected to placement of their request in the "Complex Track" and reiterated their demand that SEC process their FOIA request in accord with the law.

18.   On January 25, 2024 Defendant, in violation of the "no contact rule," wrote Plaintiffs directly. *See Henry v. City of Sherman*, Civil Action No. 4:17-CV-00313, at *4 (E.D. Tex. Dec. 8, 2017). In their letter SEC stated that it would place Plaintiffs' request in their "Complex

Track". A true and correct copy of the SEC's January 25, 2024 correspondence is attached hereto and incorporated by reference herein as **Exhibit D.**

19.   The SEC's assertion regarding its alleged inability to respond in a timely fashion occurs despite the fact that according to its own disclosures it has already commissioned a completed external investigation into the "control deficiency" by the Berkeley Research Group (*see* FN No. 2 *supra*) and received prior FOIA requests from all of the listed Plaintiffs in this action as far back as at least a year.[5]

20.   As of this filing, the SEC has not provided any substantive response to the FOIA request. Nor has the SEC provided a "determination" within the meaning of FOIA and relevant precedent.

21.   By its inaction and failure to promptly process the request or make a determination, Defendant has improperly withheld records in response to this request in violation of FOIA.

22.    FOIA provides that a requesting party is entitled to a substantive agency response on the information requested within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requester. *CREW*, 711 F.3d at 188.

23.    5 U.S.C. § 552(a)(6)(A) prescribes that the twenty-day time limit shall not be tolled by the agency except in two narrow scenarios: the agency may make one request to the requester for information and toll the twenty-day period while it is awaiting such information that it has

---

[5] *See e.g. New Civil Liberties Alliance v. Securities and Exchange Commission*, No. 22-cv-3567, (D.D.C., pending)

reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I); and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment, *id.* § 552(a)(6)(A)(ii)(II). In either case, the SEC's receipt of the requester's response to the SEC's request for information or clarification ends the tolling period. *Id.*

24.     The SEC owed Plaintiffs a timely "*CREW*" response to its request, including a "determination" as that term is defined in *CREW*, 711 F.3d at 188  ("[T]he agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse."). This "CREW" response was due on or about December 8, 2023.

25.     As of this filing, SEC has still failed to provide Plaintiffs with a "*CREW*" response to their November 8, 2023 request. *See also* Exhibits B, C & D. Remarkably, SEC simultaneously refuses to allow the issue of the determination to be resolved in pending litigation between the same parties, pending at Docket No. 6, Case No. 3:23-cv-00402.

26.     By failing to provide any substantive response or "determination" with respect to the request, as that term is defined in FOIA and as explained by the D.C. Circuit in *CREW*, the SEC has waived any ability to obtain fees for processing this request.[6]

27.     The SEC is now past its statutory period for issuing such determinations on the above described requests without providing any substantive response to Plaintiff's request. Because of SEC's violations of the statutory time limits of FOIA, the SEC cannot now seek fees.

---

[6] *See Bensman v. National Park Service*, 806 F. Supp. 2d 31, 38 (D.D.C. 2011) ("[The] effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with any of FOIA's deadline requirements. *See* S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees … if the agency fails to comply with *any time limit*' of FOIA." (quoting 5 U.S.C.§ 52(a)(4)(A)(viii)).

28.    The SEC's failure to respond to the November 8, 2023 FOIA request in a timely, proper, or lawful manner includes a failure to provide a timely or lawful "determination" within the meaning of FOIA and the precedents interpreting it.

29.    Defendant SEC is thereby in violation of FOIA as it pertains to Plaintiffs' November 8, 2023 request.

## **FIRST CLAIM FOR RELIEF**

### **Duty to Produce Records**

30.  Plaintiffs restate and incorporate by reference each of the foregoing paragraphs as if fully set forth therein.

31.  This count relates to Plaintiff's ultimate entitlement to records under FOIA. It seeks both a mandatory injunction which will require Defendant to produce records, and a declaration that Defendant's failure to produce records is in violation of FOIA.

32.  Plaintiffs have sought and been denied production of responsive records reflecting the conduct of official Government activity.

33.  Plaintiffs have the statutory right to the information they seek and the SEC has unlawfully withheld the information.

34.  Plaintiffs have a statutory right to a fee waiver under FOIA and the SEC has unlawfully denied such a waiver.

35.  Plaintiffs are not required to pursue administrative remedies.

36.  Plaintiffs ask this Court to enter a judgment declaring that:

    i)    Plaintiffs are entitled to records responsive to their FOIA request as described above, and any attachments thereto, but that the SEC has failed to provide the records;

ii) SEC's processing of Plaintiffs' FOIA request described above is not in accordance with the law, and does not satisfy the SEC's obligations under FOIA;

iii) SEC must now produce records responsive to Plaintiffs' requests; SEC must waive any fees that would otherwise be required to produce records described herein.

37. Plaintiffs are entitled to injunctive relief compelling the SEC to produce records responsive to the FOIA request described herein, and to further injunctive relief prohibiting the SEC from charging fees for the records at issue.

38. Plaintiffs ask the Court to enter an injunction ordering the SEC to produce to Plaintiffs within twenty business days of the date of the order the requested records sought in Plaintiffs' FOIA request described above, and any attachments thereto, at no cost to Plaintiffs.

39. Plaintiffs ask the Court to order the Parties to consult regarding the withheld documents and to file a status report to the Court within thirty days after Plaintiffs receive the last of the produced documents, addressing SEC's preparation of a *Vaughn* log, and set a briefing schedule for resolution of remaining issues associated with Plaintiffs' challenges to SEC's withheld documents, if any, and any other remaining issues.

## SECOND CLAIM FOR RELIEF

### Costs and Fees

40. Plaintiffs restate and incorporate by reference each of the foregoing paragraphs as if fully set forth therein.

41. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the Plaintiffs substantially prevailed.

42.  This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## **PRAYER FOR RELIEF**

 Plaintiffs NCLA, ICAN, Jarkesy and Patriot respectfully requests that this Court:

1.  Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2.  Order the Defendant to process the Plaintiff's FOIA request and produce the records Plaintiff has requested;

3.  Order the Defendant, upon completion of processing, to release all responsive, non-exempt records to Plaintiff at no cost;

4.  Award Plaintiffs' attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.  Grant such other relief as this Court deems just and proper.

Respectfully submitted this 9TH day of February, 2024,

New Civil Liberties Alliance
Investor Choice Advocates Network
Patriot 28 LLC
George R. Jarkesy, Jr.
By Counsel:

/s/ Nathaniel M. Lindzen
Nathaniel M. Lindzen, MA Bar No. 689999[7]
Law Office of Nathaniel M. Lindzen
57 School Street
Wayland, MA 01778
Phone: (212) 810-7627
Email: nlindzen@corpfraudlaw.com

---

[7] S.D. Tex. ID No. 3867176

EXHIBIT A

REQUEST (CORRECTED) UNDER THE FREEDOM OF INFORMATION ACT
<mark>EXPEDITED PROCESSING REQUESTED</mark>

November 8, 2023

<u>Via Electronic Mail and Overnight Courier</u>
Chief FOIA Officer
The Office of FOIA Services
Securities and Exchange Commission
100 F. Street NE
Washington, DC 20549-2465

Re:    Freedom of Information Act Request
<mark>EXPEDITED PROCESSING REQUESTED</mark>

Dear Chief and Staff of The Office of FOIA Services:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and applicable regulations, 17 C.F.R. § 200.80, New Civil Liberties Alliance ("NCLA"), on behalf of itself and its clients Michelle Cochran ("Cochran") and Raymond Lucia ("Lucia"); Investor Choice Advocates Network ("ICAN"); and George R. Jarkesy, Jr. and Patriot28, LLC (collectively, Requesters) make this FOIA request of the Securities and Exchange Commission ("SEC") and seek expedited processing due to the compelling urgency to inform the public and the Supreme Court of the United States of the facts and circumstances surrounding the "control deficiency" relating to the SEC's system for administrative adjudications ("Control Deficiency").

## DOCUMENTS REQUESTED

Requesters collectively request the following:

1.     The records which identify the person or persons who discovered the Control Deficiency;

2.     All records of communications regarding the circumstances that led to discovery of the Control Deficiency and the dates of such communications, including all communications regarding the discovery of the Control Deficiency to the staff of the Commission and any Commissioners;

3.     All adjudication memoranda and omnibus memoranda identified in Exhibit 1 to Second SEC Statement Relating to Certain Administrative Adjudications (the "SEC Statement").[1] Exhibit 1 is attached to this Request;

---

[1] Press Release, U.S. Securities and Exchange Commission, Second SEC Statement Relating to Certain Administrative Adjudications (June 2, 2023), https://www.sec.gov/news/statement/second-SEC-statementrelating-certain-administrative-adjudications.

4.      All records used by the SEC to reach the conclusion that "access to the Adjudication memoranda would not have affected any Enforcement filings"[2] in the following cases:

a.  *David S. Hall, P.C. d/b/a The Hall Group CPAs, David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA, and Susan A. Cisneros*, Admin. Proc. 3-17228; *SEC v. Cochran*, No. 21-1239 (S. Ct.); and

b.  *John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC, and George R. Jarkesy Jr.*, Admin. Proc. 3-15255; *Jarkesy v. SEC*, No. 20-61007 (5th Cir. May 18, 2022).

5.      All adjudication memoranda and omnibus memoranda relating to access by such memoranda by members of the Division of Enforcement related to *Raymond J. Lucia Companies, Inc., Lucia, Raymond J., Sr.*, Admin. Proc. 3-15006; *Lucia v. SEC*, No. 17-130 (S. Ct.);

6.      All communications—including attached or linked documents—between any SEC employee of officer and any agent of Berkeley Research Group LLC regarding the control deficiency or investigation of the control deficiency;

7.      All reports, memoranda, or communications produced by Berkeley Research Group LLC related to its review of the control deficiency;

8.      All documents related to and communications with the SEC's Office of Inspector General, including any referral, investigation, memoranda and reports; and

9.      All records, including but not limited to audio or video recordings, witness statements, and interview memoranda, of interviews of current or former SEC employees who participated in the investigation of the Control Deficiency pertaining to the Jarkesy, Cochran or Lucia matters referenced in (4) and (5) above.

## REQUESTERS

NCLA is a nonpartisan, nonprofit civil rights group founded to protect constitutional freedoms from violations by the Administrative State. NCLA is also a media organization that is primarily engaged in disseminating information through litigation and extensive messaging and advocacy to the public regarding unconstitutional overreach and misconduct by federal government agencies. As a part of this mission, NCLA represented Michelle H. Cochran, a respondent in an SEC enforcement proceeding who was directly affected by the SEC's Control Deficiency, according to the SEC's public disclosures. NCLA also represented Raymond Lucia who likely was directly affected by the SEC's Control Deficiency, based upon the SEC's public disclosures. NCLA filed an amicus brief in the Jarkesy case, discussed below, to advocate for the vacatur of the SEC's opinion and final order due to multiple violations of the constitution by the SEC. NCLA has issued multiple articles and analyses to the public regarding these cases, SEC administrative adjudication, and the Control Deficiency.

---

[2] *Id.*

ICAN is a nonprofit public interest litigation organization dedicated to breaking down barriers to entry to capital markets and pushing back on overreach by the Securities and Exchange SEC (SEC).  ICAN is an organization that broadly disseminates information to the public about unconstitutional statutes, legal action and conduct by the SEC that exceeds its statutory authority and the confines of the U.S. Constitution.  As a part of this mission, ICAN filed an amicus brief in the *Jarkesy* case to advocate for the vacatur of the SEC's opinion and final order due to multiple violations of the U.S. Constitution, and has disseminated reports and analyses regarding these issues to the public.

George R. Jarkesy, Jr. and Patriot28, LLC (together, Jarkesy) are respondents in the matter *SEC v. Jarkesy*, No. 22-859 (S.Ct.) pending before the Supreme Court of the United States (Jarkesy case).  The Jarkesy case was directly affected by the SEC's Control Deficiency, based upon the SEC's public disclosures about it.

## STANDARDS

FOIA was initially enacted during a time of "mushrooming growth of Government secrecy" as "agency and department heads enjoyed a sort of personal ownership of news about their units."  [House of Representatives, Report No. 1497 (May 9, 1966)]. The SEC has returned to this mindset, routinely violating its statutory obligation to provide access to information about its activities.  The FOIA draft legislation initially included language making government information accessible only to persons "properly and directly concerned."  This language was eliminated to make government information generally available to "any person." *Id.  Everyone* has the right to know what really happened with the SEC's Control Deficiency, and the right of the Requesters to know is even more clear, as they are parties "properly and directly concerned."

While SEC's reluctance to obey the law is contrary to FOIA, SEC's defiance is perfectly consistent with the proclivity of government bureaucracies to use secrecy as a means to increase their own power at the public's expense. Over 20 years ago, then-U.S. Senator Daniel Patrick Moynihan, chair of the bipartisan Commission on Protecting and Reducing Government Secrecy condemned the federal government's covetous treatment of public information that creates a culture of government secrecy. Daniel Patrick Moynihan et al., *Report of the Commission on Protecting and Reducing Government Secrecy*, S. Doc. No. 105-2, app. A at Ch. 3 ("Secrecy: A Brief Account of the American Experience") (1997).[3] This culture has been long-attributed it to the natural inclination of bureaucracies as described by the German sociologist Max Weber:

> Every bureaucracy seeks to increase the superiority of the professionally informed by keeping their knowledge and intentions secret. Bureaucratic administration always tends to be an administration of "secret sessions" [and] in so far as it can, it hides its knowledge and action from criticism . . . The concept of the "official secret" is the specific invention of bureaucracy,

---

[3] A*vailable at* https://sgp.fas.org/library/moynihan/appa3.html (last visited November 7, 2023) [hereinafter, "Moynihan"].

and nothing is so fanatically defended by the bureaucracy as this attitude[.]
*Id.*

The secrecy and insulation from criticism SEC persists in here cannot be squared with what FOIA demands.

A recent President of the United States declared that "The old rules said that if there was a defensible argument for not disclosing something to the American people, then it should not be disclosed. That era is now over, starting today" (President Barack Obama, January 21, 2009), and "Under the Attorney General's Guidelines, agencies are encouraged to make discretionary releases. Thus, even if an exemption would apply to a record, discretionary disclosures are encouraged." (Department of Justice, Office of Information Policy, OIP Guidance, "Creating a 'New Era of Open Government'").

The SEC's Office of FOIA Services shall grant a request for expedited processing if the requester demonstrates a "compelling need" for the records based upon "an urgency to inform the public about an actual or alleged Federal Government activity." 17 C.F.R. § 200.80(7). The Office of FOIA Services shall determine whether to grant or deny a request for expedited processing and provide notice of that determination within 10 calendar days of receipt of the request by the Office of FOIA Services.

A request for records that has been granted expedited processing shall be processed as soon as practicable. 17 C.F.R. § 200.80(7)(iii). If a request for expedited processing is denied, any appeal of that determination shall be decided expeditiously. *Id*.

## COMPELLING NEED FOR EXPEDITED PROCESSING

### Prior Efforts to Obtain the Requested Records

Jarkesy filed a comprehensive request of the SEC for Control Deficiency records in September of 2022. Although the agency acknowledged receipt of the request, it failed to comply with its FOIA obligations. Jarkesy filed a lawsuit in November of 2022 to compel production. One year later, the SEC has produced only a small handful of documents, all of which were heavily redacted. Jarkesy's SEC enforcement litigation that was directly impacted by the Control Deficiency is now pending before the Supreme Court of the United States. The merits briefs have been filed by the SEC and Jarkesy, all of the amicus briefs have been filed. Oral argument—the last opportunity for Jarkesy to provide information to the Supreme Court—is scheduled for November 29, 2023. There has been broad media following of Jarkesy case, creating opportunity to broadly disseminate information about the SEC and its activities.

NCLA made a FOIA request of the SEC for documents regarding the control deficiency on July 12, 2022. The SEC failed to comply with its FOIA obligations, forcing NCLA to file a lawsuit on November 23, 2022 to enforce its rights to the documents while Cochran's case was progressing through the Supreme Court. The SEC's delay tactics succeeded in concealing all but a few of the requested documents until the Cochran's Supreme Court case was completed. The

documents produced shed no significant light on the information that is the subject of this expedited request.

ICAN made a FOIA request of the SEC for Control Deficiency documents on June 30, 2023.  The SEC informed ICAN on July 11, 2023 that the Commission would be unable to respond within the statutory time period and invoking the 10-day extension.  To date, the Commission has produced no documents responsive to ICAN's request.

The Requesters have each diligently pursued their respective rights to gain access to the requested documents—expending substantial resources in doing so—and in each case the SEC has failed to meet its disclosure requirements. These facts demonstrate that the SEC's concealment of Control Deficiency documents is intentional, prolonged, and unlikely to change until it is too late to fulfill their duty to timely comply with law and the interests of justice in these matters. Moreover, it is the cause of the compelling urgency that underlies this FOIA request.

**This Request Concerns the Operations or Activities of the Government**

This request relates directly to operations and activities of the SEC. The Control Deficiency was first disclosed by the SEC on April 5, 2022.[4]  It is clear from document logs received from the SEC in the Jarkesy FOIA litigation that the SEC was aware of the Control Deficiency from at least the Fall of 2021.[5]  The second disclosure by the SEC about its Control Deficiency was made on June 2, 2023.[6]

This was coupled with the SEC's unprecedented dismissal of 42 enforcement cases, first listed among which was SEC's administrative case against Michelle Cochran, supposedly because of the internal data breaches characterized as the Control Deficiency.[7] Other than the information included in the SEC's two public disclosures, virtually nothing is known about the Control Deficiency or this aspect of the SEC's operations, either by the public or those directly affected by it.

Those 42 open cases were dismissed just weeks after the Supreme Court's decision in *Axon v. FTC and Cochran v. SEC*[8], a case that would allow those respondents to go to federal court to challenge the constitutionality of SEC's case against them.  In particular, Michelle Cochran had a pending constitutional challenge that was primed to resume just as the SEC dismissed these cases. Just as important, the ability of Cochran to proceed, or any of the rest of the open cases to go to

---

[4] https://www.wsj.com/articles/sec-drops-40-enforcement-cases-it-says-were-tainted-by-improper-access-to-restricted-records-4807aa44.

[5] SEC's own logs of responsive documents identify documents relevant to the control deficiency that date back as far as 2017 and 2019.

[6] https://www.sec.gov/news/statement/second-commission-statement-relating-certain-administrative-adjudications

[7] https://www.wsj.com/articles/sec-drops-40-enforcement-cases-it-says-were-tainted-by-improper-access-to-restricted-records-4807aa44

[8] 143 S.Ct. 890 (2023).

federal court, meant that up to 42 cases were entitled to *the full range and scope of federal court discovery* on the Control Deficiency.

It is clear that the use of the "control deficiency" as the reason for this unprecedented mass dismissal was a pretext. First, the control deficiency happened in both open and closed cases, yet the SEC only addressed disclosure and relief in "open" cases—that is the class of cases still able to bring federal court challenges on the constitutional deficiencies and due process deprivations of these biased proceedings—and to bring the power of court discovery to break the disclosure stonewall. If the potential unfairness presented by the Control Deficiency was truly the reason for the dismissals, closed cases affected by the breach must and should receive the same relief—including Jarkesy's whose administrative proceeding was over. Any sensible person following these matters understands the self-serving, selective, and silencing effect of SEC dismissing only the cases that had the power to pry open SEC files.

**The Disclosure of Requested Records is Likely to Contribute to the Requesters' and Public Understanding of Government Operations and Activities**

This request is designed to capture records relevant to the current public interest in the SEC's Control Deficiency and the SEC administrative proceedings affected by it.[9] There has been substantial recent public interest in the Control Deficiency, both in press articles and a Congressional inquiry. Both NCLA and ICAN are involved in collection and dissemination of information involving the SEC and are both involved in legal advocacy of constitutional rights by those impacted by SEC regulation and litigation. The Jarkesy case has generated substantial media attention. A survey of media coverage since March of 2022 reflects nearly 200 media stories that make reference to the Jarkesy case. Jarkesy, along with at least two of NCLA's clients, are directly impacted by the Control Deficiency.

The Requesters are all involved in current or concluded cases that were directly at issue in the Control Deficiency. The disclosures by the SEC listed cases that were impacted and asserted conclusions of no impact on those cases, but those disclosures do not provide any factual or documentary support for the conclusions. This request is designed to obtain records that will provide factual evidence of the breadth of the data breaches that underlie the Control Deficiency, the actual information accessed during the data breaches, the persons involved in the data breaches, the origin of the discovery of the Control Deficiency, and whether the conclusions asserted by the SEC are supported by substantial and reliable evidence. It will provide information that, to the knowledge of the Requesters, is not already in the public domain.

**The Public's Understanding of the Subject Will Be Enhanced to a Significant Extent as Compared to its Prior Understanding**

The Control Deficiency has raised public concern regarding the integrity of the SEC's internal adjudications due to an apparent failure by the SEC to maintain proper internal controls and separation of adjudicative functions. This request is designed to capture records that will reveal the breadth of the Control Deficiency, how the data breaches occurred and by whom, how

---

[9] https://www.wsj.com/articles/sec-security-breach-gary-gensler-george-jarkesy-supreme-court-9917cfc7

the data breaches were discovered, what information was breached and whether the evidence supports the SEC's claim that the data breaches did not affect the pending cases. This information is necessary to analyze the SEC's asserted conclusions that no cases were affected by the Control Deficiency, despite the fact that the agency dismissed 42 pending cases.

NCLA and ICAN have the ability to analyze, explain and disseminate the requested information broadly. Moreover, both organizations post and create expert analysis and original content regarding the operations and activities of the SEC (and in the case of NCLA, other agencies) and the results of their respective legal advocacy.

Public oversight and enhanced understanding of the Government's performance of its duties is absolutely necessary. In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject. *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994). NCLA and ICAN need not show how it intends to distribute the information, because "[n]othing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity." *Judicial Watch*, 326 F.3d at 1314. It is sufficient for NCLA and ICAN to show how they distribute information to the public generally. *Id*. Nonetheless, NCLA and ICAN have both the intent and the ability to convey any information obtained through this request to the public. Both organizations publish content and analysis regularly through their respective websites: nclalegal.org and icanlaw.org. NCLA and ICAN intend to publish information from requested records on their respective websites, distribute the records and expert analysis to its followers through social media channels, and incorporate the information into its writings and media interview content. Through these means, NCLA and ICAN will ensure: (1) that the information requested contributes significantly to the public's understanding of the government's operations or activities; (2) that the information enhances the public's understanding to a greater degree than currently exists; (3) that NCLA and ICAN possesses the expertise to explain the requested information to the public; and (4) that NCLA and ICAN possesses the ability to disseminate the requested information to the general public.

**Interest of the Supreme Court of the United States**

This request is also designed to capture records relevant to the interest of the Supreme Court to have access to all pertinent information while deciding the issues pending in the Jarkesy case. The merits briefs have been filed by the SEC and Jarkesy, along with amicus briefs, and oral argument is scheduled for November 29, 2023. The questions presented in the Jarkesy case include constitutional claims for violation of Separation of Powers doctrine, the applicability of the Seventh Amendment to administrative adjudications, and the use of such proceedings for the adjudication of securities fraud claims. The facts and circumstances surrounding the Control Deficiency are relevant to whether constitutional rights were abridged, as the SEC has recognized by directly informing the United States Court of Appeals for the Fifth Circuit of the Control Deficiency during the pendency of that court's statutory review and by informing the U.S. Supreme Court in the case scheduled for argument on November 29, 2023.

**Need for Expedited Processing**

Based upon SEC disclosures, it commissioned an external investigation by Berkeley Research Group, which reviewed documents, interviewed witnesses and provided a report. Logically, this outside consulting required the search for and compilation of documents, data, the identification of witnesses. Because of this investigative work and the previously-submitted FOIA requests, all records responsive to this request have already been counted and compiled by the SEC. Accordingly, there should be little staff time needed to expeditiously make a determination about expedited processing and compliance with this request.

Expedited processing of requests requires a "compelling need," a need that can be demonstrated by an urgency to inform the public about an actual or alleged federal government activity. 12 C.F.R. § 309; 17 C.F.R. § 200.80. Requesters NCLA and ICAN are primarily engaged in disseminating information about actual or alleged Federal government activity, and have an urgent need to disseminate information about the Control Deficiency, an event of such consequence and relevance to the Jarkesy case that the Commission recognized the need to notify the Fifth Circuit and the Supreme Court upon issuance of the Commission's reports. That the Control Deficiency is a matter of significant public interest is further demonstrated by the Commission's issuance of unprecedented public reports, the resultant and unprecedented dismissal of dozens of pending enforcement cases, and examination of the Control Deficiency by the Financial Services Committee of the U.S. House of Representatives. Because the Jarkesy case is set for argument in less than four weeks and will be finally decided by the U.S. Supreme Court this term, there is an immediate urgency compelling expedited disclosure.

For the reasons stated herein, these Requesters have a compelling need to gain access to the requested Control Deficiency documents on an expedited basis.

## SEC RESPONSE

Please identify and inform us of all responsive or potentially responsive records within the statutorily prescribed time, and the basis of any claimed exemptions or privilege and to which specific responsive or potentially responsive record(s) such objection applies.

If SEC claims any records or portions thereof are exempt under one of FOIA's discretionary exemptions we request you exercise that discretion and release them consistent with the Justice Department's OIP Guidance that "even if an exemption would apply to a record, discretionary disclosures are encouraged." (Department of Justice, Office of Information Policy, OIP Guidance, "Creating a 'New Era of Open Government'"). Such releases are possible for records covered by a number of FOIA exemptions, including Exemptions 2, 5, 7, 8, and 9, but they will be most applicable under Exemption 5."

Nonetheless, if your office takes the position that any portion of the requested records is exempt from disclosure, please inform us of the basis of any partial denials or redactions. In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable, non-exempt portions of the requested records. *See* 5 U.S.C. §552(b).

Satisfying this Request contemplates providing copies of documents, in electronic format if you possess them as such, otherwise photocopies are acceptable. Please provide responsive documents in complete form, with any appendices or attachments as the case may be.

## REQUEST FOR WAIVER OR REDUCTION OF FEES

Requesters seek a waiver of all fees related to the prompt compliance with this request, or in the alternative, a substantial reduction of fees associated with this request. All three have separately expended substantial resources pursuing previously-submitted FOIA requests and three separate lawsuits to enforce the SEC's failure to comply with its FOIA obligations. Two Requesters are nonprofit organizations which educate the public and rely on donations for funding. The third, Jarkesy, has endured ten years of litigation with the SEC pursuing claims of violations of Jarkesy's constitutional rights. The Jarkesy case was directly involved in the data breaches that underlie the Control Deficiency, as was the Cochran case. Moreover, as described herein above: this request concerns the operations or activities of the Government, the disclosure of the requested records is likely to contribute to the Requesters' and Public's understanding of the Government operations and activities, and the public's understanding of the subject will be enhanced to a significant extent as compared to its prior understanding.

This request is not sought for the commercial interest of any Requester. NCLA and ICAN are non-profit organizations, which actively publish and broadly disseminate public information pertaining to SEC overreach and actions affecting the constitutional rights of persons and entities who can be subject to the regulation of the SEC. NCLA's objectives are broader in scope and encompass overreach and unconstitutional conduct by federal agencies generally. Accessing the requested records is a part of fulfilling NCLA's and ICAN's role of educating the general public. Due to their nonprofit mission, neither NCLA or ICAN has any commercial interest or will realize any commercial benefit from the release of the requested records. Both organizations do so without commercial interest. The same holds true for Jarkesy, who seeks has no commercial interest in the requested records. Jarkesy seeks to vindicate his legal rights and does not seek the Control Deficiency documents for any commercial purpose.

Accordingly, Requesters seek a fee waiver or, in the alternative, a substantial fee reduction. request a fee waiver. This request serves the public interest because it is likely to contribute significantly to public understanding of the SEC's operations and actions.

## CONCLUSION

For the reasons discussed herein, Requesters claim a compelling need for the above-listed records and seek the SEC's determination of a compelling need within 10 days, and preferably sooner. Since the documents have been previously identified and gathered, there should be little time needed to consider this expedited request. Moreover, since the records requested herein are a subset of documents previously sought by one or more of the Requesters, there should be no impediment to the prompt production of the requested documents.

We request that the agency furnish records to the attention of the undersigned as soon as they are identified, preferably electronically, but if not, to the addresses below. We inform SEC

of our intention to protect our appellate rights on this matter at the earliest date should SEC not comply with FOIA in accordance with its obligations. *See e.g., CREW v. FEC.*

## CERTIFICATIONS

Pursuant to 17 C.F.R. § 200.80, I certify to the best of my knowledge and belief that the contents of this document, including but not limited to facts set forth in the request for expedited processing, are true and correct.

*/s/ Margaret A. Little*
Margaret A. Little, Senior Litigation Counsel
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, D.C. 20036
Phone: 202-869-5212
peggy.little@ncla.legal

Pursuant to 17 C.F.R. § 200.80, I certify to the best of my knowledge and belief that the contents of this document, including but not limited to facts set forth in the request for expedited processing, are true and correct to the best of my knowledge and belief.

*/s/ Nicolas Morgan*
Nicolas Morgan, President and Chair
Investor Choice Advocates Network
 (310) 849-0384
nicolas.morgan@icanlaw.org

Pursuant to 17 C.F.R. § 200.80, I certify to the best of my knowledge and belief that the contents of this document, including but not limited to facts set forth in the request for expedited processing, are true and correct to the best of my knowledge and belief.

*/s/ S. Michael McColloch*
S. Michael McColloch
Counsel for George R. Jarkesy, Jr. and Patriot28, LLC
6060 N. Central Expressway, Suite 500
Dallas, TX 75225
(214) 674-1868
smm@mccolloch-law.com

## Exhibit 1 – Case-Specific Memoranda Accessed by Enforcement Staff Relating to *Cochran* and *Jarkesy*

| | Matter | Nature of recommendation in Adjudication memorandum | Memorandum first made available in OS database | Date ENF administrative staff accessed memorandum | Date ENF staff first emailed memorandum to other ENF staff | Whether memorandum was uploaded to the ENF Centralized Database | Date memorandum was emailed to the NYRO Supervisor | Whether memorandum was uploaded to the NYRO database | Date of Commission vote on the recommended action[1] | Date Commission issued the corresponding order | Whether ENF made a filing between the date memorandum was first made available in OS database and the Commission vote |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | *David S. Hall, P.C. d/b/a The Hall Group CPAs, David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA, and Susan A. Cisneros, Admin. Proc. 3-17228 (A.1)* | Not applicable – no case-specific memoranda relating to *Cochran* were accessed. For Omnibus Memoranda accessed by ENF staff that encompassed *Cochran*, see Exhibits 3 and 4. | | | | | | | | | |
| 2 | *John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC, and George R. Jarkesy, Jr., Admin. Proc. 3-15255 (A.2)* | Set the appeal for Commission consideration | 2/4/19 | 2/5/19 | 2/26/19 | Yes | 2/26/19 | No | 2/19/19 | 2/21/19 | No |
| | | Extend time for issuing a decision | 1/15/20 | 1/16/20[2] | 1/22/20 | Yes | Not applicable | No | 1/21/20 | 1/21/20 | No |
| | | Extend time for issuing a decision | 2/28/20 | 3/2/20 | 3/5/20 | Yes | Not applicable | No | 3/5/20 | 3/5/20 | No |
| | | Extend time for issuing a decision | 3/30/20 | 3/31/20 | 4/6/20 | Yes | Not applicable | No | 4/6/20 | 4/6/20 | No |
| | | Extend time for issuing a decision | 5/4/20 | 5/5/20 | 5/5/20 | Yes | Not applicable | No | 5/4/20 | 5/5/20 | No |
| | | Extend time for issuing a decision | 6/3/20 | 6/3/20 | 6/4/20 | No | Not applicable | No | 6/4/20 | 6/5/20 | No |
| | | Extend time for issuing a decision | 6/29/20 | 6/29/20 | 7/6/20 | Yes | Not applicable | No | 7/1/20 | 7/6/20 | No |
| | | Extend time for issuing a decision | 8/3/20 | 8/5/20 | 8/5/20 | Yes | Not applicable | No | 8/4/20 | 8/5/20 | No |

---

[1] Reflects the date the last Commissioner voted on the staff recommendation.

[2] An OS staff member emailed an Outstanding Seriatim Report to senior staff members in ENF on January 15, 2020 that included a brief description of the action recommended in this memorandum.

**Exhibit 1 – Case-Specific Memoranda Accessed by Enforcement Staff Relating to *Cochran* and *Jarkesy***

| Matter | Nature of recommendation in Adjudication memorandum | Memorandum first made available in OS database | Date ENF administrative staff accessed memorandum | Date ENF staff first emailed memorandum to other ENF staff[1] | Whether memorandum was uploaded to the ENF Centralized Database | Date memorandum was emailed to the NYRO Supervisor | Whether memorandum was uploaded to the NYRO database | Date of Commission vote on the recommended action[2] | Date Commission issued the corresponding order | Whether ENF made a filing between the date the memorandum was first made available in OS database and the Commission vote |
|---|---|---|---|---|---|---|---|---|---|---|
| | Issue an opinion and order on appropriate remedies | 9/3/20 | Between 9/3 and 9/8/20[3] | 9/8/20 | No | Not applicable | No | 9/4/20 | 9/4/20 | No |

[3] In a few instances, access logs did not reveal the precise date that ENF administrative staff accessed a memorandum. Where, as here, a date range is provided, it reflects the period between the date the Adjudication memorandum was made available in the OS databases and the date the memorandum was emailed to other ENF staff for upload to the Enforcement Centralized Database.

EXHIBIT B



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

November 14, 2023

Ms. Margaret A. Little
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
         Request No. **24-00460-FOIA**

Dear Ms. Little:

     This letter is in reference to your request, dated and
received in this office on November 8, 2023, for the following:

1.    The records which identify the person or persons who
     discovered the Control Deficiency;

2.    All records of communications regarding the circumstances
     that led to discovery of the Control Deficiency and the
     dates of such communications, including all communications
     regarding the discovery of the Control Deficiency to the
     staff of the Commission and any Commissioners;

3.    All adjudication memoranda and omnibus memoranda identified
     in Exhibit 1 to Second SEC Statement Relating to Certain
     Administrative Adjudications (the "SEC Statement")[1]. Exhibit
     1 is attached to this Request;

4.    All records used by the SEC to reach the conclusion that
     "access to the Adjudication memoranda would not have
     affected any Enforcement filings"[2] in the following cases:

     a. David S. Hall, P.C. d/b/a The Hall Group CPAs,
       David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA,
       and Susan A. Cisneros, Admin. Proc. 3-17228; SEC v.
       Cochran, No. 21-1239 (S. Ct.); and

---

[1] Press Release, U.S. Securities and Exchange Commission, Second SEC Statement Relating to Certain
Administrative Adjudications (June 2, 2023), https://www.sec.gov/news/statement/secondSEC-statementrelating-
certain-administrative-adjudications.
[2] Id.

Margaret A. Little                                          24-00460-FOIA
November 14, 2023
Page Two


    b. John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC,
       and George R. Jarkesy Jr., Admin. Proc. 3-15255; Jarkesy
       v. SEC, No. 20-61007 (5th Cir. May 18, 2022).

5.    All adjudication memoranda and omnibus memoranda relating
     to access by such memoranda by members of the Division of
     Enforcement related to Raymond J. Lucia Companies, Inc.,
     Lucia, Raymond J., Sr., Admin. Proc. 3-15006; Lucia v. SEC,
     No. 17-130 (S. Ct.);

6.    All communications—including attached or linked documents—
     between any SEC employee of officer and any agent of
     Berkeley Research Group LLC regarding the control
     deficiency or investigation of the control deficiency;

7.    All reports, memoranda, or communications produced by
     Berkeley Research Group LLC related to its review of the
     control deficiency;

8.    All documents related to and communications with the SEC's
     Office of Inspector General, including any referral,
     investigation, memoranda and reports; and

9.    All records, including but not limited to audio or video
     recordings, witness statements, and interview memoranda, of
     interviews of current or former SEC employees who
     participated in the investigation of the Control Deficiency
     pertaining to the Jarkesy, Cochran or Lucia matters
     referenced in (4) and (5) above.


    We will be unable to respond to your request within the
Freedom of Information Act's twenty-day statutory time period,
as there are unusual circumstances which impact on our ability
to process your request within this time period. Therefore, we
are invoking the 10-day extension. These unusual circumstances
are: (a) the potential volume of records responsive to your
request and (b) the need for consultation with two or more other
offices having a substantial interest in either the
determination or the subject matter of the records. For these
reasons, we will process your request consistent with the order
in which we received your request.

Margaret A. Little                                      24-00460-FOIA
November 14, 2023
Page Three

        You asked for expedited processing of your request. Under
the SEC's FOIA Rule 17 CFR § 200.80(d)(7), this Office shall
grant a request for expedited processing if the requester
demonstrates a compelling need for the records. "Compelling
need" means that a failure to obtain the requested records on an
expedited basis could reasonably be expected to pose an imminent
threat to an individual's life or physical safety or, if the
requester is primarily engaged in disseminating information, by
demonstrating that an urgency to inform the public of actual or
alleged Federal government activity exists. A compelling need
shall be demonstrated by a statement, certified to be true and
correct to the best of the requester's knowledge and belief.  In
my view, a compelling need has not been demonstrated. Therefore,
we are processing your request under our normal guidelines.

        You also requested a fee waiver of all costs associated
with your request. We may waive or reduce search, review, and
duplication fees if (A) disclosure of the requested information
is in the public interest because it is likely to contribute
significantly to public understanding of the operations and
activities of the government and (B) disclosure is not primarily
in the commercial interest of the requester, 5 U.S.C. §
552(a)(4)(iii).

        Under the FOIA, you are considered an "Other Use"
requester. As such, you are entitled to two (2) hours of search
time and 100 pages free of charge. Once these entitlements are
met you are required to pay search and duplication fees, in
accordance with our fee schedule. However, we typically release
records electronically and do not charge copy costs.  Therefore,
duplication costs are unlikely to be accrued.

        I am the deciding official with regard to this adverse
determination. You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1). The appeal must be received within ninety (90)
calendar days of the date of this adverse decision. Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records. The appeal
may include facts and authorities you consider appropriate.

        You may file your appeal by completing the online Appeal
form located at https://www.sec.gov/forms/request_appeal, or mail
your appeal to the Office of FOIA Services of the Securities and

Margaret A. Little                                              24-00460-FOIA
November 14, 2023
Page Four


Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

        We are consulting with other SEC staff regarding the
existence of records responsive to your request. As soon as we
complete our consultation, we will notify you of our findings.

        If you have any questions, please contact me at
luetkenhausj@sec.gov or (202) 551-8352. You may also contact me
at foiapa@sec.gov or (202) 551-7900. You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900. For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.


                         Sincerely,



                         For Adrienne M. Santos
                              FOIA Branch Chief


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

EXHIBIT C



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

December 6, 2023

Ms. Margaret A. Little
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036

        Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
            Request No. **24-00460-FOIA**

Dear Ms. Little:

        This letter responds to your request, dated and received in
this office on November 8, 2023, for the following:

1.      The records which identify the person or persons who
        discovered the Control Deficiency;

2.      All records of communications regarding the circumstances
        that led to discovery of the Control Deficiency and the
        dates of such communications, including all communications
        regarding the discovery of the Control Deficiency to the
        staff of the Commission and any Commissioners;

3.      All adjudication memoranda and omnibus memoranda identified
        in Exhibit 1 to Second SEC Statement Relating to Certain
        Administrative Adjudications (the "SEC Statement")[1]. Exhibit
        1 is attached to this Request;

4.      All records used by the SEC to reach the conclusion that
        "access to the Adjudication memoranda would not have
        affected any Enforcement filings"[2] in the following cases:

        a. *David S. Hall, P.C. d/b/a The Hall Group CPAs,*
           *David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA,*
           *and Susan A. Cisneros*, Admin. Proc. 3-17228; *SEC v.*
           *Cochran*, No. 21-1239 (S. Ct.); and

---

[1] Press Release, U.S. Securities and Exchange Commission, Second SEC Statement Relating to Certain
Administrative Adjudications (June 2, 2023), https://www.sec.gov/news/statement/secondSEC-statementrelating-
certain-administrative-adjudications.
[2] Id.

Margaret A. Little                                     24-00460-FOIA
December 6, 2023
Page Two

     a. *John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC,*
       *and George R. Jarkesy Jr.*, Admin. Proc. 3-15255; *Jarkesy*
       *v. SEC*, No. 20-61007 (5th Cir. May 18, 2022).

5.    All adjudication memoranda and omnibus memoranda relating
     to access by such memoranda by members of the Division of
     Enforcement related to *Raymond J. Lucia Companies, Inc.,*
     *Lucia, Raymond J., Sr.*, Admin. Proc. 3-15006; *Lucia v. SEC*,
     No. 17-130 (S. Ct.);

6.    All communications—including attached or linked documents—
     between any SEC employee of officer and any agent of
     Berkeley Research Group LLC regarding the control
     deficiency or investigation of the control deficiency;

7.    All reports, memoranda, or communications produced by
     Berkeley Research Group LLC related to its review of the
     control deficiency;

8.    All documents related to and communications with the SEC's
     Office of Inspector General, including any referral,
     investigation, memoranda and reports; and

9.    All records, including but not limited to audio or video
     recordings, witness statements, and interview memoranda, of
     interviews of current or former SEC employees who
     participated in the investigation of the Control Deficiency
     pertaining to the Jarkesy, Cochran or Lucia matters
     referenced in (4) and (5) above.

     Reference is also made to our letter dated November 14,
2023, in which we addressed your requests for expedited
processing and a fee waiver.

     We have identified approximately 1,160 email records
(approximately 53,000 pages) that may be responsive to Items 6
and 7 of your request.[1]  We typically estimate that it will take
a staff member one (1) hour to review approximately 50 pages of
emails records.  Therefore, our preliminary estimate at this
point to review just the approximately 53,124 pages of emails
for release under the FOIA is approximately 1,062 hours.
Searching for and reviewing documents potentially responsive to
the remaining seven items in your request will significantly add
to the total number of hours required to process your request.

---

[1] The search results likely contain false hits and/or duplicates; however, we
cannot make this determination until we begin our review of these records.

Margaret A. Little                                    24-00460-FOIA
December 6, 2023
Page Three


        Since the records are voluminous, if requested, we would
process them in our Complex track.  Under 5 U.S.C. § 552(a)(6)
(D)(i), agencies may provide for multi-track processing of
requests for records based on the amount of work or time (or

both) involved in processing requests.  The SEC's regulation
implementing multi-track processing is located at 17 CFR §
200.80(d)(4).

        At present we anticipate that it may take up to thirty-six
months or more before we can begin to process a request placed in
our Complex track.

        If you are interested in having us place your request in our
Complex Track, please write or call me by **December 20, 2023**, and
identify the records of interest to you.  Please be advised that
if we do not hear from you within this time period, we will
assume that you have elected not to pursue your request and it
will be administratively closed.

        If you have any questions, please contact me at
luetkenhausj@sec.gov or (202) 551-8352.  You may also contact me
at foiapa@sec.gov or (202) 551-7900.  You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service
Center and other options available to you please see the
attached addendum.


                        Sincerely,

                        Jason Luetkenhaus

                        For Adrienne M. Santos
                        FOIA Branch Chief


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

EXHIBIT D



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

January 25, 2024

Ms. Margaret A. Little
New Civil Liberties Alliance
1225 19th St. NW, Suite 450
Washington, DC 20036

Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **24-00460-FOIA**

Dear Ms. Little:

This letter concerns your request, dated and received in
this office on November 8, 2023, for the following:

1.  The records which identify the person or persons who
    discovered the Control Deficiency;

2.  All records of communications regarding the circumstances
    that led to discovery of the Control Deficiency and the
    dates of such communications, including all communications
    regarding the discovery of the Control Deficiency to the
    staff of the Commission and any Commissioners;

3.  All adjudication memoranda and omnibus memoranda identified
    in Exhibit 1 to Second SEC Statement Relating to Certain
    Administrative Adjudications (the "SEC Statement")[1]. Exhibit
    1 is attached to this Request;

4.  All records used by the SEC to reach the conclusion that
    "access to the Adjudication memoranda would not have
    affected any Enforcement filings"[2] in the following cases:

    a. *David S. Hall, P.C. d/b/a The Hall Group CPAs,*
       *David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA,*
       *and Susan A. Cisneros*, Admin. Proc. 3-17228; *SEC v.*
       *Cochran*, No. 21-1239 (S. Ct.); and

---

[1] Press Release, U.S. Securities and Exchange Commission, Second SEC Statement Relating to Certain
Administrative Adjudications (June 2, 2023), https://www.sec.gov/news/statement/secondSEC-statementrelating-
certain-administrative-adjudications.
[2] Id.

Margaret A. Little                                    24-00460-FOIA
January 25, 2024
Page Two

      b. *John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC,
        and George R. Jarkesy Jr.*, Admin. Proc. 3-15255; *Jarkesy
        v. SEC*, No. 20-61007 (5th Cir. May 18, 2022).

5.    All adjudication memoranda and omnibus memoranda relating
     to access by such memoranda by members of the Division of
     Enforcement related to *Raymond J. Lucia Companies, Inc.,
     Lucia, Raymond J., Sr.*, Admin. Proc. 3-15006; *Lucia v. SEC*,
     No. 17-130 (S. Ct.);

6.    All communications—including attached or linked documents—
     between any SEC employee of officer and any agent of
     Berkeley Research Group LLC regarding the control
     deficiency or investigation of the control deficiency;

7.    All reports, memoranda, or communications produced by
     Berkeley Research Group LLC related to its review of the
     control deficiency;

8.    All documents related to and communications with the SEC's
     Office of Inspector General, including any referral,
     investigation, memoranda and reports; and

9.    All records, including but not limited to audio or video
     recordings, witness statements, and interview memoranda, of
     interviews of current or former SEC employees who
     participated in the investigation of the Control Deficiency
     pertaining to the Jarkesy, Cochran or Lucia matters
     referenced in (4) and (5) above.

    By letter dated December 6, 2023, we advised you that we
had identified approximately 1,160 email records (approximately
53,000 pages) that may be responsive to Items 6 and 7 of your
request.[1] We also advised you that we typically estimate it will
take a staff member one (1) hour to review approximately 50
pages of emails records, therefore our preliminary estimate at
this point to review just the approximately 53,124 pages of
emails for release under the FOIA is approximately 1,062 hours.

    You were also advised that searching for and reviewing
documents potentially responsive to the remaining seven items
in your request will significantly add to the total number of
hours required to process your request.

---

[1] The search results likely contain false hits and/or duplicates; however, we
cannot make this determination until we begin our review of these records.

Margaret A. Little                                                    24-00460-FOIA
January 25, 2024
Page Three

Since the records potentially responsive to your request are voluminous, we informed you that your request qualified for placement in our Complex track. We requested that if you are interested in having your request placed in our Complex Track, you could write or call me by December 20, 2023.

In an email dated December 18, 2023, your attorney advised us of the following:

"I am aware of no law, rule or regulation that requires my clients to consent to any such demand and respond as follows: without waiving any rights my clients neither consent to being placed in the proposed Complex Track nor do they abandon their request; they furthermore expect that the SEC will process their request in accord with the law."

As we previously advised you in our letter dated December 6, 2023, the FOIA permits agencies to "promulgate regulations … providing for multitrack processing of requests for records based on the amount of work or time (or both) involved in processing requests." 5 U.S.C. § 552(a)(6)(D)(i). The SEC's regulation implementing multitrack processing of FOIA requests is located at 17 CFR § 200.80(d)(4) ("The Office of FOIA Services shall use a multitrack system for processing FOIA requests."). The SEC's FOIA regulations further provide the SEC will use a processing track for "more complex requests based on the estimated amount of work and/or time needed to process the request." *Id.* Due to the time and amount of work needed to process the approximately 53,000 pages of records potentially responsive to just Items 6 and 7 of your request, the SEC has the authority to place your request in its Complex processing track.  Because your attorney stated that you are not abandoning your request, we will place your request in the Complex track and will not close your request.

The FOIA provides that agency regulations that provide for multitrack processing "may provide a person making a request that does not qualify for the fastest multitrack processing an opportunity to limit the scope of the request in order to qualify for faster processing." 5 U.S.C. § 552(a)(6)(D)(ii). To this effect, the SEC's FOIA regulations state that "[t]he Office of FOIA Services shall advise requesters of the track into which their request falls and, when appropriate, shall offer the requesters an opportunity to narrow the scope of their request so that it can be placed in a different processing track." 17 CFR § 200.80(d)(4).

If you would like to narrow the scope of your request to avoid having it processed in our Complex Track (or discuss ways to help you narrow the scope), please write or call me. You can

Margaret A. Little                                          24-00460-FOIA
January 25, 2024
Page Four


contact me at luetkenhausj@sec.gov or (202) 551-8352.  You may also
contact me at foiapa@sec.gov or (202) 551-7900.  You may also
contact the SEC's FOIA Public Service Center at foiapa@sec.gov or
(202) 551- 7900.   For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.


                          Sincerely,

                          *Jason Luetkenhaus*

                          For Adrienne M. Santos
                              FOIA Branch Chief


    Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.